IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ANNA A. MARTINEZ,

    Plaintiff,

vs.                                                                                                         No.1:14-cv-00513 SCY/RHS

JOHN Q. HAMMONS HOTELS
MANAGEMENT, LLC, and
ATRIUM TRS III, LP,

    Defendants.

AMENDED
COMPLAINT FOR PERSONAL INJURIES

**COMES NOW,** the Plaintiff, Anna A. Martinez, by and through her attorney, Anthony G. Lopez, and for her cause of action against Defendants, states and alleges as follows:

    1.    At the time of the incident described herein, and at all times material hereto, the Plaintiff was a resident of Taos County, State of New Mexico.

    2.    At the time of the incident described herein, and at all times material hereto, the Defendant, Atrium TRS III, LP, (hereinafter "Atrium") was a foreign corporation and owner of an Embassy Suites Hotel located in Omaha, Nebraska.

    3.    At the time of the incident described herein, and at all times material hereto, Defendant, John Q. Hammons Hotels Management, LLC, (hereinafter "John Q. Hammons Hotels") was a foreign corporation licensed and authorized to

conduct business in the State of New Mexico, and at all times material hereto was the property manager of the aforementioned Embassy Suites owned by Defendant Atrium.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(c)(1) because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

5. At all times material hereto, John Q. Hammons Hotels acted through its employees, agents and servants acting within the course, scope and duties of their employment or agency.

6. On June 9, 2011, Plaintiff was a customer and guest of the aforesaid Embassy Suites owned by Defendant Atrium and managed by Defendant John Q. Hammons Hotels.

7. On June 9, 2011, Defendant, John Q. Hammons Hotels and/or Defendant Atrium provided a transportation shuttle van to transport the Plaintiff and other guests of Embassy Suites to a museum.

8. At the aforementioned time and place, Plaintiff was sitting in the middle of the back seat of the shuttle, and as Defendants' employee, agent and/or servant was driving into the museum he drove the shuttle into, and struck, an overhanging I-beam/awning causing the shuttle to stop suddenly throwing Plaintiff into the aisle of the shuttle landing on her hands and knees proximately causing her damages as hereinafter alleged.

9.      At the aforementioned time and place, the driver of the transportation van was an employee, agent and/or servant of Defendant John Q. Hammons Hotels and/or Defendant Atrium acting within the course, scope and duties of his employment or agency for either or both Defendants, and Defendant John Q. Hammons Hotels and/or Defendant Atrium are thereby liable for the acts and omissions under the doctrine of respondent superior.

10.     At the aforementioned place and time, the driver of the shuttle had a duty to operate the vehicle with due care and caution, and he breached his duties by failing to drive in a careful manner, failing to operate the vehicle in a safe and reasonable manner, and otherwise failing to exercise due care and caution, some or all of which acts and omissions constitute negligence.

11.     The Defendants owed a duty to their customers and guests of the Embassy Suites, including the Plaintiff, to hire qualified and competent people as employees, to properly train its employees including the driver of the shuttle, and to formulate, adopt and implement rules, policies and procedures to transport its customers, and to otherwise provide for the safety and welfare of its customers while transporting them from one location to another.  The Defendants failed to exercise reasonable care and were negligent in performing their duties, which negligence includes, but is not limited to:

      a.    Failing to hire qualified personnel;

      b.    Failing to train qualified and supervise its employees, including the driver of the shuttle;

    c.    Failing to use skilled employees to perform the duties and responsibilities of transporting its customers, namely the Plaintiff, from the Embassy Suites to other locations;

    d.    Failing to formulate, adopt and/or implement rules, policies and procedures for the employees to follow regarding transportation of its customers and driving of vehicles; and

    e.    Failing to ensure that its employees, including the driver of the shuttle, followed the rules, policies and procedures for transportation of its customers.

12.    As a direct and proximate result of the negligent acts of Defendants' employees, agents and servants, including the driver of the shuttle, Plaintiff sustained various injuries including but not limited to a torn meniscus of the right knee and carpal tunnel condition of the left wrist, and has incurred past medical related expenses and will incur in the future medical related expenses in an undeterminable amount, has suffered and will continue to suffer great and excruciating pain and agony, and has been, and will continue to be unable to perform certain household services, and has lost the enjoyment of life, all to her damages in an amount to be determined at trial.

13.    The Plaintiff is entitled to pre-judgment and post-judgment interest on all amounts awarded, plus costs and expenses incurred in this action.

**WHEREFORE,** Plaintiff prays for judgment against either or both Defendants for actual and compensatory damages in an amount to be determined at trial, for pre-judgment and post-judgment interest, for costs incurred and such other and further relief as the Court may deem just and proper in the premises.

Respectfully submitted by,

/s/ Anthony G. López
ANTHONY G. LÓPEZ
705 Paseo del Pueblo
Taos, New Mexico 87571
Telephone: (575) 758-0145
Facsimile:  (575) 758-7400
Email: anthony@aglopezlaw.com

***ATTORNEY FOR PLAINTIFF***